**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone: (310) 933-4271
Facsimile: (310) 889-0645
E-mail: kjacobson@quillarrowlaw.com

Attorneys for Plaintiffs,
**HENRY LIMA PINEDA AND TERESA LIMA VARGAS**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LIMA PINEDA, an individual, and TERESA LIMA VARGAS, an individual,<br><br>Plaintiffs,<br>vs.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2**<br>4. **FRAUD - FRAUDULENT INDUCEMENT – CONCEALMENT** |

COMPLAINT

Plaintiffs, HENRY LIMA PINEDA, an individual, and TERESA LIMA VARGAS, an individual, allege as follows against Defendant, NISSAN NORTH AMERICA, INC., a Delaware Corporation ("NISSAN NORTH AMERICA, INC."), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## INTRODUCTION

1. These causes of action arise out of the warranty obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle purchased by Plaintiffs and for which NISSAN NORTH AMERICA, INC. issued a written warranty.

2. On February 15, 2020, Plaintiffs purchased a used 2019 Nissan Sentra, having VIN No. 3N1AB7APXKY206053 ("the Subject Vehicle"). These causes of causes of action arise out of warranty and repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle Plaintiffs purchased and for which NISSAN NORTH AMERICA, INC. issued a written warranty. The warranty was not issued by the selling dealership.

3. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the electrical, transmission, and suspension system defects.

4. Plaintiffs hereby revoke acceptance of the sales contract.

5. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs has used the vehicle primarily for those purposes.

6. Plaintiffs are "buyers" of consumer goods under the Act.

7. Defendant NISSAN NORTH AMERICA, INC. is a "manufacturer" and/or "distributor" under the Act.

8. Plaintiffs hereby demand trial by jury in this action.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because amount of recovery sought by Plaintiffs exceed the jurisdictional amount of $75,000.00, and there is complete diversity amongst the parties.

10. The Subject Vehicle, as reflected in the sales contract, has an approximate value of $24,308.00. Pursuant to the Song-Beverly Act, Plaintiffs are seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiffs seeks in the approximate amount of $72,924.00. Plaintiffs are entitled to incidental and consequential damages estimated in the amount of $5,000.00, pursuant to the Act. Lastly, Plaintiffs are also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiffs' claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

11. Complete diversity exists as Plaintiffs, HENRY LIMA PINEDA and TERESA LIMA VARGAS, are citizens of the State of California.

12. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was purchased at Nissan of Mission Hills, a NISSAN NORTH AMERICA, INC. authorized dealership and repair facility, located at 11000 Sepulveda Blvd., Mission Hills, CA 91345.

13. Venue is also proper, as Plaintiffs, HENRY LIMA PINEDA and TERESA LIMA VARGAS, is an individual residing in the City of North Hollywood, State of California.

14. Venue is also proper, as Defendant, NISSAN NORTH AMERICA, INC., is and was a Delaware Corporation operating and doing business in the State of California

15. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of

Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

16. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

17. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

18. Plaintiffs, HENRY LIMA PINEDA and TERESA LIMA VARGAS, hereby demand a trial by jury in this action.

## FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

19. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

20. These causes of causes of action arise out of warranty and repair obligations of NISSAN NORTH AMERICA, INC. in connection with a vehicle Plaintiffs purchased and for which NISSAN NORTH AMERICA, INC. issued a written warranty. The warranty was not issued by the selling dealership.

21. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical, transmission, and suspension system defects.

22. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs has used the Subject Vehicle primarily for those purposes.

23. Plaintiffs are the "buyers" of consumers goods under the Act.

24. Defendant NISSAN NORTH AMERICA, INC. is a "manufacturer" and/or "distributor" under the Act.

25. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

26. Plaintiffs delivered the vehicle to an authorized NISSAN NORTH AMERICA, INC. repair facility for repair of the nonconformities.

27. Defendant was unable to conform Plaintiffs' vehicle to the applicable express warranty after a reasonable number of repair attempts.

28. Notwithstanding Plaintiffs' entitlement, Defendant NISSAN NORTH AMERICA, INC. has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

29. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

30. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of the nonconformities.

31. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

32. Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including

attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

33. Because Defendant willfully violated the Song-Beverly Act, Plaintiffs is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for NISSAN NORTH AMERICA, INC.'s willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

34. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

35. NISSAN NORTH AMERICA, INC. and its authorized dealership at which Plaintiffs purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the subject vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

36. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

37. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

38. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

39. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as electrical, transmission, and suspension system defects.

40. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

41. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

42. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

43. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

44. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

45. Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

46. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

47. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

48. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

49. Civil Code, section 1793.2, subdivision (b) further states that goods

shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

50. The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the electrical, transmission, and suspension system defects.

51. Plaintiffs delivered the subject vehicle to NISSAN NORTH AMERICA, INC.'s authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

52. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and NISSAN NORTH AMERICA, INC. has failed to tender the subject vehicle back to Plaintiffs in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

53. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

54. Plaintiffs hereby revoke acceptance of the subject vehicle.

55. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

56. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq*. and Commercial Code, section 2711.

57. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq*.

58. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq*. and Commercial Code sections, 2711, 2712, and 2713 *et seq*.

59. Plaintiffs are entitled in addition to the amounts recovered, a civil

penalty of up to two times the amount of actual damages in that NISSAN NORTH AMERICA, INC. has willfully failed to comply with its responsibilities under the Act.

## FOURTH CAUSE OF ACTION
### Fraud - Fraudulent Inducement – Concealment

60. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

61. NISSAN NORTH AMERICA, INC. and its agents intentionally concealed and failed to disclose facts relating to the Emergency Braking Defect as explained hereinabove.

62. Defendant was the only party with knowledge of the Emergency Braking Defect because that knowledge came from internal reports such as pre-release testing data, customer complaints made directly to Defendant, and technical service bulletins. None of this information was available to the public, nor did Defendant publicly or privately disclose any of the information to Plaintiff. NISSAN NORTH AMERICA, INC. had exclusive knowledge of the defect as described in detail hereinabove.

63. NISSAN NORTH AMERICA, INC. actively concealed information from the public, preventing Plaintiff from discovering any of the concealed facts as described in detail hereinabove

64. Further, NISSAN NORTH AMERICA, INC. has learned more about the Emergency Braking Defect and has intentionally concealed and suppressed that information; Nissan has failed to recall the affected vehicles or otherwise inform Plaintiff of the Emergency Braking Defect.

65. Prior to the date of sale, on the date of sale, and on the date of each of the repair attempts, Defendant had an opportunity to disclose the Emergency Braking

Defect to Plaintiffs; but instead concealed from and failed to disclose to Plaintiffs, any of the known irreparable issues with the Subject Vehicle.

66. NISSAN NORTH AMERICA, INC. intended to deceive Plaintiffs by concealing the known issues with the Emergency Braking Defect in an effort to sell the Subject Vehicle at a maximum price.

67. NISSAN NORTH AMERICA, INC. knew of the specific issues affecting the Subject Vehicle, including the defective Emergency Braking Defect, prior to the sale of the Subject Vehicle. Plaintiffs' Vehicle was sold after NISSAN NORTH AMERICA, INC. acknowledged these problems in Emergency Braking Defect without making any sort of disclosure to Plaintiffs regarding same. When Plaintiffs experienced repeated problems with the Emergency Braking Defect in his Vehicle and delivered the Subject Vehicle to NISSAN NORTH AMERICA, INC's authorized repair facility for evaluation and repair, NISSAN NORTH AMERICA, INC. and its agents continued to conceal the known Emergency Braking Defect and repeatedly represented to Plaintiffs that it was able to and did fix the issue.

68. Plaintiffs did not know about the Emergency Braking Defect at the time of sale. Plaintiffs also did not know of the irreparable nature of the problems at the time of any of the repair attempts because NISSAN NORTH AMERICA, INC. and its agents repeatedly represented that it was able to fix the Vehicle upon return of the Subject Vehicle to Plaintiffs.

69. Had NISSAN NORTH AMERICA, INC. and/or its agents publicly or privately disclosed the Emergency Braking Defect to Plaintiff at or prior to the sale, Plaintiffs would not have purchased the Subject Vehicle.

70. Plaintiffs were harmed by Defendant's concealment of the Emergency Braking Defect because Plaintiffs were induced to enter into the sale of a vehicle that Plaintiffs would not have otherwise purchased. Defendant's concealment of the defects was a substantial factor in causing Plaintiffs' harm.

///

## PRAYER FOR RELIEF

1. For general, special, and actual damages according to proof at trial;
2. For recission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorneys' fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated:   January 11, 2022

> **QUILL & ARROW, LLP**
>
> *[signature]*
> Kevin Y. Jacobson, Esq.
> Attorney for Plaintiffs,
> **HENRY LIMA PINEDA**
> **TERESA LIMA VARGAS**